**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for Mr. Jose Garcia-Soto

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE THOMAS J. WHELAN**)

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>          Plaintiff,   )<br>v.  )<br>  )<br>  )<br>JOSE GARCIA-SOTO,  )<br>  )<br>          Defendant.  )<br>_____ ) | CASE NO.   08cr1986-TJW<br><br>DATE:       August 25, 2008<br>TIME:        2:00 p.m.<br><br>NOTICE OF MOTIONS:<br><br>(1)   TO COMPEL DISCOVERY;<br>(2)   TO SUPPRESS EVIDENCE; AND,<br>(3)   FOR LEAVE TO FILE FURTHER<br>        MOTIONS.<br>_____ |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY,
       CALEB MASON, ASSISTANT UNITED STATES ATTORNEY

PLEASE TAKE NOTICE that on August 25, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Jose Garcia-Soto, by and through his counsel, Robert Rexrode, will ask this Court to enter an order granting the following motions.

## **MOTIONS**

The defendant, Jose Garcia-Soto, by and through his attorney, Robert Rexrode, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery;
2) to suppress evidence; and,
3) for leave to file further motions.

1   These motions are based upon the instant motions and notice of motions, the attached
2   statement of facts and memorandum of points and authorities, and all other materials that
3   may come to this Court's attention at the time of the hearing on these motion.
4
5                                               Respectfully submitted,
6
7   Dated: August 11, 2008                       /s/ Robert H. Rexrode
                                                **ROBERT H. REXRODE, III**
                                                Attorneys for Mr. Garcia-Soto
8                                               robert_rexrode@rexrodelawoffices.com

**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorney for Mr. Jose Garcia-Soto

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE THOMAS J. WHELAN**)

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CASE NO.  08cr1986-TJW |
| ) | |
| Plaintiff,   ) | |
| v.   ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| JOSE GARCIA-SOTO,   ) | AUTHORITIES IN SUPPORT OF |
| ) | DEFENDANT'S MOTIONS. |
| Defendant.   ) | |
| _____   ) | |

**I.**

**PROCEDURAL & FACTUAL HISTORY**[1]

**A.     Procedural History**

Mr. Garcia-Soto is currently charged, via an information, with two counts of violating 8 U.S.C. § 1325, one count being a misdemeanor and one count being a felony.  These charges were the product of negotiations between Mr. Garcia-Soto and the government.

Due to the lack of discovery regarding Mr. Garcia-Soto's removals from the United States, however, the negotiated settlement between the parties failed to go forward as planned.  On July 21, 2008, this Court set a motion-hearing date fro August 25, 2008.  These motions follow.

---

[1] The following facts are based on information provided by the government. Mr. Garcia-Soto does not admit their accuracy and reserves the right to challenge them.

1   **B.      Factual History**

2   According to information provided by the government, immigration agents arrested
3   Mr. Garcia-Soto on May 22, 2008. Agents did so after being "receiving" information that
4   Mr. Garcia-Soto may have returned to the country illegally. Acting on this information,
5   agents went to an address in Chula Vista, California. Once there, at about 8:10 a.m., agents
6   saw a man come out of an apartment and then return inside. About five minutes later, agents
7   saw the same man leave the apartment and get into the passenger seat of a car. Agents then
8   approached the car and asked Mr. Garcia-Soto a number of questions. Mr. Garcia-Soto told
9   the agents that he was a Mexican citizen and had no immigration documents allowing him
10  to be in the United States. Mr. Garcia-Soto was then taken to the Chula Vista Border Patrol
11  Station. There, about forty-five minutes after agents first approached him, Mr. Garcia-Soto
12  gave further inculpatory statements to agents.

13  According to information gathered by defense counsel, when agents approached
14  Mr. Garcia-Soto at the Chula Vista address, Mr. Garcia-Soto was the passenger in a moving
15  car. This car was attempting to exit a parking lot that has one exit. Impeding the car's
16  progress were two cars that belonged to immigration agents. When the car attempted to exit
17  the parking lot, an agent outside his car displayed a badge and signaled for the car to stop.

18                              **II.**

19                      **MOTION COMPEL DISCOVERY**

20  Mr. Garcia-Soto requests the following discovery. His request is not limited to those items
21  that the prosecutor knows of. It includes all discovery listed below that is in the custody, control,
22  care, or knowledge of any "closely related investigative [or other] agencies." *See United States v.*
23  *Bryan*, 868 F.2d 1032 (9th Cir. 1989).

24       (1) <u>Brady Information</u>. The defendant requests all documents, statements, agents' reports,
25  and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the
26  credibility of the government's case. Under *Brady v. Maryland*, 373 U.S. 83 (1963), impeachment
27  as well as exculpatory evidence falls within the definition of evidence favorable to the accused.
28  *United States v. Bagley*, 473 U.S. 667 (1985); *United States v. Agurs*, 427 U.S. 97 (1976).

1    (2) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests notice two weeks before trial to give the defense time to investigate and prepare for trial.

(3) <u>Request for Preservation of Evidence</u>. The defendant requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any evidence seized from the defendant or any third party.

(4) <u>Defendant's Statements</u>. The defendant requests disclosure and production of all statements made by the defendant. This request includes, but is not limited to, the substance of any oral statement made by the defendant, Fed. R. Crim. P. 16(a)(1)(A), and any written or recorded statement made by the defendant. Fed. R. Crim. P. 16(a)(1)(B)(i)-(iii).

(5) <u>Tangible Objects</u>. The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **This request specifically incorporates a request for a copy of Mr. Garcia-Soto's "A-File" and any tapes of any deportation hearing involving Mr. Garcia-Soto.**

(6) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

//
//

1    (7) <u>Witness Addresses</u>. The defendant requests access to the government's witnesses. Thus, counsel requests a witness list and contact phone numbers for each prospective government witness. Counsel also requests the names and contact numbers for witnesses to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as government witnesses.

   (8) <u>Jencks Act Material</u>. Mr. Garcia-Soto requests production in advance of trial of material discoverable under the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid needless delays at pretrial hearings and at trial. This request includes any "rough" notes taken by the agents in this case. This request also includes production of transcripts of the testimony of any witness before the grand jury. *See* 18 U.S.C. § 3500(e)(1)-(3).

   (9) <u>Informants and Cooperating Witnesses</u>. Mr. Garcia-Soto requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Garcia-Soto. *Roviaro v. United States*, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate Mr. Garcia-Soto. *Brady v. Maryland*, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. *Id.*

   (10) <u>Residual Request</u>. Mr. Garcia-Soto intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

### III.

### MOTION TO SUPPRESS EVIDENCE

**A.   Introduction**

Government agents seized Mr. Garcia-Soto in violation of the Fourth Amendment. Agents lacked reasonable suspicion to seize Mr. Garcia-Soto. For this reason, Mr. Garcia-Soto moves to suppress all physical evidence discovered as a result of his unlawful seizure, as well as any statements made by him following his unlawful seizure.

1  **B.    The government bears the burden of justifying this warrantless seizure**

Agents seized Mr. Garcia-Soto without a warrant. That seizure is therefore presumptively unreasonable. *See United States v. Hawkins*, 249 F.3d 867, 872 (9th Cir. 2001). It is the government's burden to demonstrate that its agents complied with the Fourth Amendment. *See id*.

**C.    Agents lacked reasonable suspicion**

Agents seized Mr. Garcia-Soto when they signaled the car in which Mr. Garcia-Soto was a passenger to stop.[2] A person is seized within the meaning of the Fourth Amendment when "by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980); *see also United States v. Kerr*, 817 F.2d 1384, 1386 (1987). An agent, by signaling the car to stop, while displaying a badge, demonstrated a show of authority that a reasonable person would take as a command to stop their car. Although agents did not signal the car to stop by activating their emergency lights or sirens, this is *not* required to constitute a car stop within the meaning of the Fourth Amendment. *Kerr*, 817 F.2d at 1386. The crucial determination is whether a car stopping is the product of a voluntary decision on the part of a motorist, or rather the product of governmental action. *Id*. A car coming to a stop in reaction to an agent displaying a badge and signaling a motorist to pull over is not a voluntary stop in any meaningful sense.

As agents stopped Mr. Garcia-Soto within the meaning of the Fourth Amendment, agents must have had a "founded suspicion: reasonable suspicion based on articulable facts of some criminal activity afoot." *Kerr*, 817 F.2d at 1386. "To establish founded suspicion to support a temporary detention, the police officer must point to specific and articulable fats which, taken together with rational inferences from those facts, reasonably warrant the intrusion." *Id*. at 1387. Here agents had information that Mr. Garcia-Soto may have returned

---

[2] That Mr. Garcia-Soto was a passenger in the car does not alter the Fourth Amendment analysis to be applied. *See Brendlen v. California*, 127 S. Ct. 2400, 2403 (2007) ("When a police officer makes a traffic stop, the driver of the car is seized within the meaning of the Fourth Amendment. The question in this case is whether the same is true of a passenger. We hold that a passenger is seized as well and so may challenge the constitutionality of the stop.").

1 to the United States. Based on this information, agents went to a residential apartment
2 complex in Chula Vista, California. Chula Vista has a large Hispanic population. *See*
3 http://www.city-data.com/city/Chula-Vista-California.html, *last visited* Aug. 11, 2008
4 (stating that Hispanics comprise 49.6% of the population of Chula Vista, California). At the
5 apartment complex, agents saw a person who "matched" the description of Mr. Garcia-Soto
6 exit an apartment. Mr. Garcia-Soto is a young, heavy-set Hispanic, with short hair and no
7 discernable physical abnormalities. Based on this, agents detained Mr. Garcia-Soto. These
8 facts are insufficient to justify Mr. Garcia-Soto's detention. Too many people in that area
9 could have "matched" the description of Mr. Garcia-Soto. *See United States v. Hernandez-*
10 *Alvarado*, 891 F.2d 1414, 1418-19 (9th Cir. 1989) (a detention is unreasonable when
11 circumstances surrounding a detention "describe too many individuals to create a reasonable
12 suspicion that [a] particular defendant is engaged in criminal activity").

**D.    Relief Sought**

  **1.    Suppression**

Mr. Garcia-Soto requests that all physical evidence discovered following his seizure be suppressed. Evidence obtained in violation of the Fourth Amendment cannot be used in criminal proceedings. *Weeks v. United States*, 232 U.S. 383, 398 (1914). Mr. Garcia-Soto also requests that any statements made by him following his illegal seizure be suppressed. Statements obtained as a result of a Fourth Amendment violation must be suppressed. *United States v. Johnson*, 626 F.2d 753, 759 (9th Cir. 1980). They are suppressible regardless of whether they are "voluntary" for Fifth Amendment purposes, and regardless of whether *Miranda* warnings preceded them. *Id*. at 757-58. To vindicate Fourth Amendment interests, if a statement is causally connected to a Fourth Amendment violation it must be suppressed. *Id*.

//
//
//
//
//

1     In determining if a statement is causally connected to a Fourth Amendment violation, courts look to three factors: (1) the "temporal proximity" between the violation and the statement; (2) the presence of any intervening circumstances; and (3) "the purpose and flagrancy of the official misconduct." *Johnson*, 626 F.2d at 758.[3]

    Mr. Garcia-Soto's first set of statement to agents in the parking lot are clearly causally related to his illegal seizure. They occurred moments after Mr. Garcia-Soto was illegally seized. There were thus no intervening circumstances that would break the causal connection between the illegal seizure of Mr. Garcia-Soto and his first set of statements. Mr. Garcia-Soto's second set of statements, those at the border patrol station are also causally related to his illegal seizure. They occurred less than an hour after Mr. Garcia-Soto was illegally seized. Mr. Garcia-Soto was in custody during that time period, and had been physically moved to the border patrol station against his will. There were thus no intervening circumstances that would break the causal connection between the illegal arrest of Mr. Garcia-Soto and his statements at the border patrol station.

## IV.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Garcia-Soto requests leave to file further motions if necessary.

## V.

## CONCLUSION

Mr. Garcia-Soto requests this Court grant his motions.

Respectfully submitted,

Dated: August 11, 2008

 /s/ Robert H. Rexrode
**ROBERT H. REXRODE, III**
Attorney for Mr. Garcia-Soto
robert_rexrode@rexrodelawoffices.com

---

[3] As for the third factor, "the purpose and flagrancy of the official misconduct," it is relevant only in relation to how it motivates the defendant. *See id.* at 758. That is, the third factor only serves to inform a finding of casual connection between the illegality and the statement. Flagrant misconduct is not required for suppression. *See id.* at 759 (suppressing statement on the basis of the first two factors alone).

1 **ROBERT H. REXRODE, III**
California State Bar No. 230024
2 427 C Street, Suite 300
San Diego, California  92101
3 Telephone:  (619) 233-3169, ext. 13
Facsimile:    (619) 684-3553
4 robert_rexrode@rexrodelawoffices.com

5
Attorney for Mr. Jose Garcia-Soto
6

7
UNITED STATES DISTRICT COURT
8
SOUTHERN DISTRICT OF CALIFORNIA
9
(**HONORABLE THOMAS J. WHELAN**)
10
| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.  08cr1986-TJW |
| ) | |
| Plaintiff, ) | |
| v.  ) | |
| ) | PROOF OF SERVICE |
| JOSE GARCIA-SOTO, ) | |
| ) | |
| Defendant. ) | |
| ) | _____ |

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served via CM/ECF and email this day upon:

      Caleb Mason, Assistant United States Attorney
      caleb.mason@usdoj.gov


                                      Respectfully submitted,

                                      /s/     Robert H. Rexrode

Dated: August 11, 2008          **ROBERT H. REXRODE, III**
                                          Attorney for Defendant
                                          robert_rexrode@rexrodelawoffices.com